(No. 78918.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DENNIS SMITH, Appellant.

*Opinion filed March 21, 1996.—Rehearing denied June 3, 1996.*

HARRISON, J., took no part.
NICKELS, J., joined by FREEMAN, J., dissenting.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

James E. Ryan, Attorney General, of Springfield, and John Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman and Leslie Hairston, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Dennis Smith, was arrested for driving while under the influence of alcohol (625 ILCS 5/11—501(a) (West 1994)). After defendant refused to take a breath test, defendant was served with notice of the statutory summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1 (West 1994)). Defendant filed a petition in the circuit court of Champaign County to rescind the summary suspension. The circuit

court granted defendant's petition. A divided panel of the appellate court reversed. 269 Ill. App. 3d 962. This court allowed defendant's petition for leave to appeal (145 Ill. 2d R. 315) and we affirm.

## BACKGROUND

On April 12, 1994, defendant filed a petition to rescind the statutory summary suspension of his driving privileges and a motion for substitution of judge as of right (735 ILCS 5/2—1001(a)(2) (West 1992)). Defendant also requested that the hearing on the petition be held within 30 days (625 ILCS 5/2—118.1(b) (West 1992)). Judge Ford, to whom the petition and motion were originally assigned, scheduled a hearing for April 27 on the motion for substitution of judge. On April 27, the motion for substitution of judge was summarily granted without argument by the parties or objection by the State. The new judge scheduled the rescission hearing for May 24. Before presenting any evidence at the May 24 hearing, defendant argued that the statutory summary suspension of his driving privileges should be automatically rescinded because the trial court failed to conduct a hearing on the rescission petition within 30 days of the April 12 filing of the petition to rescind. The trial court rejected this argument, attributing the 15-day delay while the substitution of judge motion was pending to the defendant.

At the rescission hearing, the following evidence was elicited. In March of 1994, Officer Andrew Charles of the Urbana police department observed defendant leave a tavern and enter his car. Officer Charles, whose squad car was parked across the street from the tavern, decided to follow defendant to see if he would drive in compliance with the Code. He testified that if he should witness defendant violating the Code, he intended to pull defendant over and also check to see if defendant was driving under the influence of alcohol. Officer

Charles followed defendant's vehicle northward on Cunningham Avenue, which is a four-lane street with a fifth lane in the center for turning. He observed defendant driving in the left-hand lane, although defendant claimed he was in the right-hand lane.

As Officer Charles followed defendant, he saw the driver's side wheels of defendant's car cross over the lane line dividing the left lane from the center lane by at least six inches. He stated that defendant failed to signal a lane change and that the car remained over the lane line for approximately 100 to 150 yards. A short time later, he saw defendant cross over the lane line dividing the left lane from the right lane by approximately six inches for 150 to 200 yards. Once again, defendant did not signal. After these two occurrences, Officer Charles determined that defendant had violated the Code for failing to signal a lane change and he stopped defendant. Officer Charles conceded that defendant did not endanger any other vehicles or persons when he deviated across the lane lines and that defendant never completely left the lane in which he was traveling.

Officer Charles did not write defendant a ticket for either failure to signal or improper lane usage. Rather, he gave defendant a verbal warning. While speaking with defendant, Officer Charles noticed that defendant's speech was slurred and that he had difficulty removing items from his wallet. He asked defendant to perform some field sobriety tests, from which Officer Charles concluded that defendant was driving under the influence of alcohol. Defendant was arrested and taken to the police station, where he refused to submit to further testing to determine the alcohol content of his blood. As a result, defendant was served with notice of the statutory summary suspension of his driving privileges (625 ILCS 5/11—501.1 (West 1992)).

After hearing the evidence, the trial court framed the issue as whether Officer Charles had probable cause to stop defendant for a violation of the Code other than for driving under the influence of alcohol. The trial court found Officer Charles to be a credible witness. The trial court noted that a videotape taken on the day in question corroborated Officer Charles' testimony that defendant was driving in the left-hand lane. The trial court nevertheless concluded that Officer Charles did not have probable cause to stop defendant for failure to signal or for the violation of any other traffic law. Accordingly, the trial court granted defendant's petition to rescind the statutory summary suspension of his driving privileges.

A divided panel of the appellate court reversed, concluding that Officer Charles was justified in stopping defendant for improper lane usage in violation of section 11—709(a) of the Code (625 ILCS 5/11—709(a) (West 1992)). 269 Ill. App. 3d at 968. The appellate court construed section 11—709(a) as containing two separate restrictions regarding lane usage: one which requires a vehicle to be driven as nearly as practicable within one lane and a second which prohibits a vehicle from being moved from a lane of traffic until the driver first ascertains that the movement can be made with safety.

Before this court defendant argues that he is entitled to rescission of the statutory summary suspension of his driving privileges because (1) he was not afforded a timely rescission hearing as required by section 2—118.1(b) of the Code and (2) that the initial stop of his vehicle was improper. Defendant has not challenged the constitutionality of Officer Charles' actions in following patrons who exited the tavern, and we do not reach this issue.

## ANALYSIS

Initially, we note that a hearing on a petition to re-

scind the statutory summary suspension of driving privileges is a civil proceeding. *People v. Schaefer*, 154 Ill. 2d 250, 257 (1993). The defendant has the burden of proof and if the defendant establishes a *prima facie* case for rescission, the burden shifts to the State to come forward with evidence justifying the suspension. *People v. Orth*, 124 Ill. 2d 326, 341 (1988). In weighing the evidence before it, the trial court is charged with passing on the credibility of the witnesses and the weight to be given their testimony. *People v. Repp*, 165 Ill. App. 3d 90, 95 (1988). Generally, the trial court's decision will not be disturbed unless the decision is against the manifest weight of the evidence. *People v. Safiran*, 229 Ill. App. 3d 639, 641 (1992). However, the decision to grant a petition to rescind may be reversed when the trial court has not applied the correct legal standard to the facts of the case. *People v. Rotkvich*, 256 Ill. App. 3d 124, 128 (1993).

We first address defendant's contention that he was not afforded a timely rescission hearing because the hearing took place 42 days after the petition to rescind was filed, rather than within the statutorily required 30 days. Defendant claims that his due process rights were violated as a result of the untimely hearing.

A hearing on a petition to rescind must be held within 30 days of the date of filing the petition in the circuit court with venue, with service on the State (*Schaefer*, 154 Ill. 2d at 261-62 (interpreting 625 ILCS 5/2—118.1(b) (West 1992))) or within 30 days of the date of defendant's first appearance on the driving under the influence charge (625 ILCS 5/2—118.1(b) (West 1992)). However, when any delay in holding the hearing is occasioned by the defendant, that delay extends the 30-day period. See *Schaefer*, 154 Ill. 2d at 262; *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 922 (1987). When a defendant requests a substitution of judge, the 30-day requirement for hold-

ing the hearing does not begin to run until the newly assigned judge has been furnished with a request for the rescission hearing. See *People v. Joiner*, 174 Ill. App. 3d 927, 929 (1988); *Trainor*, 156 Ill. App. 3d at 922.

In the instant case, defendant filed the motion for substitution of judge and the rescission petition on April 12. The motion for substitution of judge was granted on April 27. The rescission hearing was held on May 24, within 30 days of the date the defendant's motion for substitution of judge was granted. Although defendant contends that he did all he could to expedite the hearing on the motion for substitution of judge and that such motions are routinely granted in the circuit court of Champaign County, the 15-day delay between April 12 and April 27 is directly attributable to defendant. We can only presume that the circuit court heard the motion for substitution of judge at the first available date, considering Judge Ford's awareness of both the petition to rescind and the request for a hearing within 30 days. Thus, defendant received a timely rescission hearing.

Next we consider defendant's argument that Officer Charles did not have probable cause to stop him. Defendant contends that he did not violate any section of the Code. Defendant argues that a violation of section 11—709(a) does not occur when a motorist momentarily crosses over a lane line, but occurs only when a motorist endangers others while moving from a lane of traffic.

Section 11—709(a) of the Code provides:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." 625 ILCS 5/11—09(a) (West 1992).

The plain language of the statute establishes two sepa-

rate requirements for lane usage. First, a motorist must drive a vehicle as nearly as practicable entirely within one lane. Second, a motorist may not move a vehicle from a lane of traffic until the motorist has determined that the movement can be safely made. It follows that when a motorist crosses over a lane line and is not driving as nearly as practicable within one lane, the motorist has violated the statute.

Once Officer Charles saw defendant cross over a lane line and drive in two lanes of traffic, Officer Charles had probable cause to arrest defendant for a violation of the Code. *People v. Robinson*, 62 Ill. 2d 273, 276 (1976) (probable cause to arrest exists when a reasonable, prudent man in possession of the knowledge of the arresting officer would believe that an offense has been committed). Thus, Officer Charles' stop of defendant was proper. See *People v. Johnson*, 123 Ill. App. 3d 1008, 1012 (1984) (stop of motorist was supported by probable cause to make an arrest for a traffic violation).

In reaching the above conclusion, we note that the appellate court found that Officer Charles had "specific, articulable facts upon which to believe defendant's vehicle was in violation of the Code when he pulled it over." 269 Ill. App. 3d at 968. An officer may make a valid investigatory stop, absent probable cause to arrest, provided the officer can reasonably infer from specific and articulable facts that the individual in question has committed or is about to commit a crime. 725 ILCS 5/107—14 (West 1992); *Terry v. Ohio*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968). In the instant case, Officer Charles observed a violation of the Code. Thus, Officer Charles had probable cause to arrest defendant for a violation of the Code. Given that Officer Charles had probable cause to arrest defendant, the appellate court did not need to consider his reasonable and articulable suspicions surrounding defendant's conduct.

Accordingly, the statutory summary suspension of defendant's driver's license for failing to undergo a breath test should not have been rescinded. For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.

JUSTICE NICKELS, dissenting:

In my view, defendant was not afforded a timely hearing on his rescission petition, and pursuant to *People v. Schaefer*, 154 Ill. 2d 250 (1993), the summary suspension of his driving privileges must be rescinded. Therefore, I respectfully dissent.

The summary suspension statute provides that the suspension of driving privileges becomes effective on the forty-sixth day following the date on which the motorist was served with notice of the statutory summary suspension. 625 ILCS 5/11—501.1(g) (West 1992). In turn, the motorist is entitled upon request to a judicial hearing within a specified time frame in order to challenge the summary suspension. In *Schaefer*, this court explained the purpose of this scheme:

> "The principal concern in enacting [the statutory summary suspension] legislation was to protect travelers while at the same time protecting the constitutional rights of the motorists who may be charged with driving under the influence of an intoxicating substance. Once a driver's license is issued, it is considered a property interest under protection of the due process clause of the United States and Illinois Constitutions. [Citations.] It is for this reason that the statutory summary suspension becomes effective 46 days after notice of suspension is given [citation], and the elaborate procedure is codified in order to guarantee notice and an opportunity to be heard. This satisfied the concern for the protection of the substantive and proce-

dural due process rights of motorists as guaranteed by the United States and Illinois Constitutions." *Schaefer*, 154 Ill. 2d at 261.

Mindful of this purpose, in *Schaefer* this court held that the 30-day period for conducting a rescission hearing commences when the motorist's petition is properly filed and served on the State. *Schaefer*, 154 Ill. 2d at 261. This court further held that " 'in order to comply with due process requirements, the hearing *** must be held within the 30 days *unless delay is occasioned by the defendant*, and failure to do so will require rescission of the suspension.' " (Emphasis in original.) *Schaefer*, 154 Ill. 2d at 262, quoting *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 923. In the case at bar, the majority concludes that the rescission hearing held 42 days after defendant filed his petition falls within the exception for "delay occasioned by the defendant" simply because defendant invoked his absolute right (see 735 ILCS 5/2—1001(a)(2)(ii) (West 1992)) to have his petition heard by a judge other than Judge Ford, to whom such matters were normally assigned. I cannot join this conclusion.

While a motorist is responsible for delay associated with the motions he or she files, I believe the overriding due process concerns at the heart of the 30-day time limit demand that trial courts act on such motions with reasonable dispatch commensurate with the nature and complexity of the motion. If the trial court fulfills this obligation, I would wholeheartedly endorse the proposition that the motorist may be charged with delay representing the full interval during which his or her motion was pending. But when the trial court unnecessarily prolongs the pendency of the motion—through inaction or otherwise—such delay is not occasioned by the motorist in any meaningful sense. In this regard, I recognize that absent an applicable statute or court rule the trial court possesses broad discretion in matters re-

lating to the management of its calendar, including setting the timetable for hearing and deciding motions. The conclusion that the trial court has abused its discretion should not be reached lightly. However, the record warrants that conclusion in this case.

Defendant filed his motion for substitution of judge as of right on April 12, 1994—the same day he filed his rescission petition. Also on April 12, defendant's attorney sent a letter to the clerk of the circuit court of Champaign County, drawing her attention to the rescission petition and the substitution motion, and requesting a hearing on the rescission petition within the 30-day statutory time period. Defendant's attorney apparently expected the substitution motion to be disposed of without a formal hearing, as the letter requested notification of the reassignment of the case. Copies of the letter were sent to Judge Ford, Judge John R. DeLaMar, Judge Harold L. Jensen (the presiding judge of the circuit court of Champaign County) and to the assistant State's Attorney assigned to the case. The record reflects that it was the practice of the circuit court to reassign statutory summary suspension cases to Judge DeLaMar when a party sought a substitution from Judge Ford.

Within days of filing the petition for rescission and motion for substitution of judge, defendant's attorney personally consulted with Judge Ford and asked that the case be reassigned to Judge DeLaMar. Judge Ford indicated that on April 19 he would advise defendant's attorney when the substitution motion could be scheduled for a hearing. On April 18, defendant's attorney was again in contact with Judge Ford. Defendant's attorney advised Judge Ford that defendant sought a substitution of judge as a matter of right pursuant to statute (735 ILCS 5/2—1001(a)(2) (West 1992)) and that a substantial delay in hearing the substitution motion

would infringe on defendant's right to a rescission hearing within the statutory time frame. Defendant's attorney suggested that the motion could possibly be decided later that day when the attorney and the State were scheduled to appear before Judge Ford on another matter. Alternatively, defendant's attorney suggested the possibility that the substitution motion could be decided without a hearing. Judge Ford rejected both proposals and eventually set the motion for a hearing nine days later on April 27. When the parties appeared in court on that date—15 days after the substitution motion was filed—Judge Ford summarily granted the motion without objection by the State or argument by the parties, and ordered the case reassigned to Judge DeLaMar, before whom the rescission hearing was ultimately conducted.

I see no valid justification for the trial court's failure to rule on the substitution motion more promptly. The Code of Civil Procedure provides that a motion for substitution of judge as of right *"shall be granted* if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." (Emphasis added.) 735 ILCS 5/2— 1001(a)(2)(ii) (West 1992). The substitution motion presented no complicated factual or legal issues, and defendant was clearly entitled to relief since he filed his substitution motion on the same date as the petition initiating these proceedings. The State did not object to the motion, nor does it appear there is any basis upon which it could have objected in good faith. Moreover, the delay in deciding the motion clearly cannot be attributed to a lack of diligence on defendant's part. Defendant's attorney brought the motion to the attention of all persons who might be affected, and made a concerted effort to obtain a prompt ruling from the trial court.

Unlike the majority, I am not content to decide this case by means of a nimble presumption that the trial court heard the substitution motion on the first available date. The court proceeding at which the substitution motion was ultimately granted was a mere formality; the trial court announced its ruling with no discussion or argument by the parties. This *pro forma* proceeding on defendant's routine uncontested motion could have taken no more than two minutes, and I find it difficult to imagine that the trial court was genuinely unable to attend to this matter earlier. Even if no earlier hearing date was available, in view of the routine nature of defendant's motion and the lack of objection by the State, the trial court could have decided the motion without a formal hearing. See *Lawless v. Central Production Credit Association* (1992), 228 Ill. App. 3d 500, 515 (noting that the requirement of a hearing in the local court rules applicable in the circuit court of Champaign County "is not necessarily restricted to an oral presentation by the parties and may instead refer to the court's consideration of a written presentation by the parties"). The record shows that the trial court acted with utter indifference to defendant's interest in obtaining a prompt hearing on the merits of the rescission petition. The trial court knowingly delayed ruling on a routine, uncontested motion in a manner patently unfair to defendant. The 15-day delay cannot justly be attributed to defendant.

Set against the timetable of ordinary civil litigation, 15 days may seem a relatively brief period of time. In the present setting, however, 15 days constitutes exactly one half of the total period allotted by statute for holding the rescission hearing. In enacting the 30-day time limit, the General Assembly deemed 30 days sufficient to allow the court to schedule a rescission hearing and the State to prepare for it. The General Assembly

certainly did not contemplate that a motion for substitution of judge as of right would warrant increasing the statutory period by half again. Nor do I think it asks too much that trial courts handle such motions with greater diligence and dispatch than occurred here. For the foregoing reasons, I respectfully dissent.

JUSTICE FREEMAN joins in this dissent.