# ILLINOIS OFFICIAL REPORTS

---

### *People v. Flint*, 2012 IL App (3d) 110165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DION FLINT, Defendant-Appellee. |
| District & No. | Third District<br>Docket Nos. 3-11-0165, 3-11-0224 cons. |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | July 19, 2012<br><br>August 24, 2012<br>August 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the officer who charged defendant with driving under the influence, reckless driving, and improper lane usage had a reasonable, articulable suspicion to stop defendant, the grant of defendant's motions to rescind the summary suspension of his license and suppress evidence was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 10-DT-2036, 10-TR-116600, 10-TR-116601; the Hon. Joseph C. Polito, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joel Murphy, of Chuck Bretz & Associates, P.C., of Joliet, for appellee.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices McDade and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Dion Flint, was charged with driving under the influence (DUI), reckless driving, and improper lane usage. He filed a petition to rescind his statutory summary suspension and a motion to suppress evidence, both of which the circuit court granted after it found that the police officer lacked a reasonable, articulable suspicion to stop defendant. On appeal, the State argues that the trial court's rulings were erroneous because the officer did in fact have a reasonable, articulable suspicion to stop defendant. We reverse and remand.

¶ 2                                          FACTS

¶ 3     On December 20, 2010, defendant received citations for DUI, reckless driving, and improper lane usage. Defendant also received notice that his driver's license was subject to a summary suspension because he failed a breath test.

¶ 4     Defendant filed a petition to rescind the statutory summary suspension and a motion to suppress, in which he argued, among other things, that the officer lacked a reasonable, articulable suspicion to effect a traffic stop.

¶ 5     At the hearing on defendant's petition and motion, defendant testified that on December 20, 2010, at about 1:40 a.m., he was driving eastbound on Stripmine Road in Wilmington, Illinois. His friend, Gerald Hatch, was seated in the front passenger's seat. They were coming from Snooker's Bar and Grill and heading to Hatch's motorcycle shop. The speed limit was 50 miles per hour, and the road was a little icy. Stripmine Road had one lane in each direction with a dotted yellow center line between the two lanes and a white fog line on the outside of each lane. According to defendant, while he was on Stripmine Road, he never crossed the center line and there was nothing unusual about his driving.

¶ 6     Defendant signaled and made a left turn onto Davy Lane heading northbound. He drove about a half a mile to Hatch's shop, signaled a right turn, and pulled into the parking lot. According to defendant, he did not cross any of the lane lines while on Davy Lane. A friend of defendant was in a vehicle directly behind him. Defendant wanted to be facing the exit,

so he put the vehicle in reverse, turned the steering wheel hard, did a "half-donut" maneuver to swing the front end of the vehicle around, and parked the vehicle. The parking lot was big, empty, and full of ice. There were no vehicles or people in the parking lot, and there was no property near defendant's vehicle when he swung the front end of the vehicle around. After defendant parked, his friend in the vehicle behind him pulled in next to him. Behind her, a police officer pulled in with his overhead lights on. A traffic stop ensued. During the course of the stop, at the officer's request, defendant performed field sobriety tests. Defendant was subsequently arrested for DUI.

¶ 7        Gerald Hatch testified for defendant and gave a similar account as to what had occurred that evening leading up to the traffic stop. In addition, Hatch stated that the parking lot for his business was a big lot and that there were five other businesses at that location. Hatch remained in the car and did not see what occurred between the officer and defendant after defendant was asked to step out of the car.

¶ 8        Will County Sheriff's Deputy Kurt Messer testified for the State. Messer's testimony was similar to that of defendant and Hatch regarding the weather and road conditions that night and the route that defendant traveled. Messer testified, however, that while defendant was driving on Stripmine Road, he observed defendant cross the center line for possibly a few seconds. According to Messer, the tire of defendant's vehicle went completely over the center line and then back. Messer testified further that when defendant pulled into the parking lot, he did two complete "donuts." Messer made the traffic stop because of the improper lane usage and because of the reckless driving. Those observations raised questions in Messer's mind regarding defendant's ability to drive. Messer stated that the parking lot where defendant did "donuts" was a small industrial parking lot with several businesses.

¶ 9        Defense counsel argued that, pursuant to *People v. Hackett*, 406 Ill. App. 3d 209 (2010), *rev'd*, 2012 IL 111781, defendant's single, momentary deviation from his lane on Stripmine Road was insufficient to create a reasonable, articulable suspicion of criminal activity. Defense counsel argued further that defendant's "donut" maneuver in the parking lot did not create a reasonable, articulable suspicion of reckless driving because the parking lot was large and empty and because no person or property was put in danger by defendant's maneuver. Defendant asserted, therefore, that he should not have been stopped by Messer. The State attempted to distinguish this court's decision in *Hackett* on its facts, but the circuit court found that it was bound by the case. Accordingly, the circuit court found that Messer lacked a reasonable, articulable suspicion to stop defendant, and granted defendant's petition to rescind and motion to suppress. The State appealed the circuit court's rulings.

¶ 10                                                    ANALYSIS

¶ 11        On appeal, the State argues that the circuit court's rulings were erroneous because the officer did in fact have a reasonable, articulable suspicion to stop defendant.

¶ 12        When reviewing a circuit court's decision on a petition to rescind or a motion to suppress, we grant great deference to the court's findings of historical fact and will not disturb those findings unless they are against the manifest weight of the evidence. *Hackett*, 2012 IL 111781, ¶ 18; *People v. Wear*, 229 Ill. 2d 545, 561-62 (2008). However, we are free

to undertake our own assessment of the facts as they relate to the legal issues presented by the case, and, therefore, we review the trial court's ultimate ruling on the motion under the *de novo* standard. *Hackett*, 2012 IL 111781, ¶ 18; *Wear*, 229 Ill. 2d at 562.

¶ 13    In this case, Messer stopped defendant for, among other things, a possible violation of section 11-709(a) of the Illinois Vehicle Code (Code), which states: "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." 625 ILCS 5/11-709(a) (West 2010).

¶ 14    In this court's *Hackett* decision, the defendant was driving in the left lane of a four-lane roadway when a police officer began following him. *Hackett*, 406 Ill. App. 3d at 210. The officer observed the defendant's passenger side tires " 'slightly' " or " 'barely' " cross over the black-and-white striped line dividing the left lane from the right lane. *Hackett*, 406 Ill. App. 3d at 211. The deviation occurred twice before the officer effected a traffic stop. *Hackett*, 406 Ill. App. 3d at 211. This court held that section 11-709(a), as construed by *People v. Smith*, 172 Ill. 2d 289 (1996), criminalizes a driver's lane deviation only when "the driver of the vehicle actually drives for some reasonably appreciable distance in more than one lane of traffic." *Hackett*, 406 Ill. App. 3d at 214. Accordingly, this court held that the officer "lacked probable cause to stop defendant for a violation of section 11-709(a)." *Hackett*, 406 Ill. App. 3d at 215. This court also stated that "we would also find that the facts and circumstances surrounding the traffic stop did not provide a reasonable, articulable suspicion to stop defendant based on [the officer's] stated reason of a violation of section 11-709(a)." *Hackett*, 406 Ill. App. 3d at 215.

¶ 15    In our supreme court's *Hackett* decision, our supreme court granted leave to appeal to answer the question of " 'whether the appellate court erroneously found there was no *reasonable suspicion* for a traffic stop where the uncontested testimony showed defendant swerved twice across a lane divider of traffic.' " (Emphasis in original.) *Hackett*, 2012 IL 111781, ¶ 19. Initially, our supreme court noted:

"[T]hough traffic stops are frequently supported by 'probable cause' to believe that a traffic violation has occurred, as differentiated from the 'less exacting' standard of 'reasonable, articulable suspicion' that justifies an 'investigatory stop,' the latter will suffice for purposes of the fourth amendment irrespective of whether the stop is supported by probable cause." *Hackett*, 2012 IL 111781, ¶ 20.

After clarifying that "the distance a motorist travels while violating the proscription of section 11-709(a) is not a dispositive factor in the applicable analysis" (*Hackett*, 2012 IL 111781, ¶ 26), our supreme court then clarified that section 11-709(a) contains two components: (1) the driver must have deviated from his or her established lane; and (2) it must have been practicable for the driver to remain in that lane. *Hackett*, 2012 IL 111781, ¶ 27. While both components are needed to establish probable cause and to obtain a conviction, only the former is needed to justify an investigatory stop:

"Where, as here, a police officer observes multiple lane deviations, for no obvious reason, an investigatory stop is proper. For probable cause and conviction, there must be something more: *affirmative* testimony that defendant deviated from his proper lane of

travel *and* that no road conditions necessitated the movement. An investigatory stop in this situation allows the officer to inquire further into the reason for the lane deviation, either by inquiry of the driver or verification of the condition of the roadway where the deviation occurred." (Emphases in original.) *Hackett*, 2012 IL 111781, ¶ 28.

¶ 16    In applying the law to the facts of the case, our supreme court noted that the officer observed the defendant deviate from his established lane for no obvious reason and held that the officer was therefore justified in effecting an investigatory stop for a possible violation of section 11-709(a). *Hackett*, 2012 IL 111781, ¶ 29. Accordingly, our supreme court reversed this court's *Hackett* decision, held that the circuit court erred when it granted the defendant's motion to suppress, and remanded the case to the circuit court for further proceedings. *Hackett*, 2012 IL 111781, ¶ 31.

¶ 17    In this case, Messer testified that he observed defendant's vehicle cross over the center line into the oncoming lane of traffic. Applying the principles of our supreme court's *Hackett* decision to the facts of this case, we hold that Messer in fact had a reasonable, articulable suspicion to justify an investigatory stop of defendant for a possible violation of section 11-709(a). *Hackett*, 2012 IL 111781, ¶ 29 (noting that "[a]lthough [the officer's] testimony suggests that he was focused on the defendant's driving, rather than road conditions–he 'could not recall' any potholes or other obstructions in the roadway–his observation of two lane deviations was sufficient to justify an investigatory traffic stop"). Messer's suspicions were further aroused when he observed defendant do a "donut" in the parking lot and became concerned about defendant's ability to drive.

¶ 18    For the foregoing reasons, we hold that the circuit court erred when it granted the defendant's petition to rescind. Further, because the circuit court's decision to grant the defendant's motion to suppress was predicated on its ruling that Messer lacked a reasonable, articulable suspicion to stop the defendant, we also hold that the trial court erred when it granted the defendant's motion to suppress.

¶ 19                                   CONCLUSION

¶ 20    The judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings.

¶ 21    Reversed and remanded.