No. 2--02--1282

_________________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, )

)

v. ) No. 02--DT--4298

)

TRACY E. ROZELA, ) Honorable

) Mark W. Dwyer,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Tracy E. Rozela, appeals from an order of the circuit court of Du Page County denying her petition to rescind the statutory summary suspension of her driver's license, pursuant to section 11--501.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11--501.1 (West 2002)), for driving under the influence of alcohol.  We affirm.

FACTS

Only Sergeant Kevin Driscoll of the Naperville police department testified at the hearing on 
defendant
's petition to rescind the statutory summary suspension.  Driscoll had been a police officer for 19 years and was trained in the use of field tests for intoxication and in the use of portable breath tests (PBTs).  Driscoll had been trained as an instructor in the use of field sobriety tests and was certified as a breathalyzer operator.

At 12:54 a.m. on September 12, 2002, Driscoll was in his squad car at a gas station in Naperville.  Defendant's car drove past him, and Driscoll estimated that her speed exceeded the 25- mile-per-hour limit.  Driscoll activated his radar, which disclosed that 
defendant
 was traveling at 37 miles per hour.  Driscoll followed 
defendant
's car and activated his emergency lights after observing it weave twice across the lane dividing line.  Defendant turned right onto a street that ran one way in the opposite direction.  After 
defendant
 curbed her car, Driscoll approached and saw that 
defendant
's eyes were glassy and bloodshot.  Driscoll smelled a strong odor of alcohol on defendant's breath.  Defendant explained that she drove erratically because she was unfamiliar with the area and she was upset by a recent argument with her boyfriend.  She admitted drinking a couple of beers at a local tavern that evening.

Driscoll administered the horizontal gaze nystagmus test.  The test involves evaluating six points, and 
defendant
 failed at every point.  However, 
defendant
 passed three other field sobriety tests:  the one-leg stand test, the walk-and-turn test, and the recite-part-of-the-alphabet test.  Defendant's successful completion of the three tests did not affect Driscoll's opinion that she was under the influence of alcohol.  He believed that a failure of a sobriety test proves a person's intoxication but successful completion of a test proves nothing.

On direct examination, defense counsel asked Driscoll whether he asked 
defendant
 to submit to a PBT.  Driscoll testified that he had done so and that 
defendant
 complied.  There was no evidence that 
defendant
's submission to the test was involuntary.  On cross-examination, Driscoll testified that he used a calibrated, certified Intoximeter Alcosensor III, which reported a blood-alcohol concentration of .126.  Defense counsel objected to the admission of the test results, and the court overruled the objection.

Driscoll testified that he arrested 
defendant
 for driving under the influence (DUI) and transported her to the police station, where a breathalyzer test reported a blood-alcohol concentration of .109.  The Secretary of State suspended 
defendant
's driving privileges for three months.

The trial court found Driscoll's testimony credible and concluded that 
defendant
 had not established a 
prima
 
facie
 case for rescission of the suspension of her driving privileges.  Emphasizing that 
defendant
 had a right to refuse to take the PBT without penalty, the court stated that Driscoll was authorized to use the test as a tool to further investigate his reasonable suspicion that 
defendant
 had operated a vehicle while under the influence of alcohol.  The court denied the petition to rescind the suspension but issued a judicial driving permit for 
defendant
 to travel to work and school.  Defendant's timely appeal followed.

ANALYSIS

In her brief, 
defendant
 mistakenly states that this court has jurisdiction to consider her appeal under Supreme Court Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)).  Rule 604(a)(1) applies only to appeals filed by the State.  However, a trial court's decision to grant or deny a petition to rescind a summary suspension is treated as a final order in a civil matter, which is appealable under Supreme Court Rule 303 (155 Ill. 2d R. 303).  
People v. O'Connor
, 313 Ill. App. 3d 134, 136 (2000).  Therefore, we have jurisdiction to review the denial of the petition to rescind.

On appeal, 
defendant
 argues that (1) section 11--501.5(a) of the Vehicle Code (625 ILCS 5/11--501.5(a) (West 2002)), which authorizes PBTs is unconstitutional; (2) Officer Driscoll lacked reasonable suspicion to ask 
defendant
 to submit to the PBT; and (3) the results of the test were inadmissible because the State failed to establish an adequate foundation.  Defendant based her petition to rescind on the assertion that there were no reasonable grounds to arrest her for DUI.  See 625 ILCS 5/2--118.1(b) (West 2002).  We initially note that an arrest requires "reasonable grounds" or "probable cause," but a traffic stop requires only "reasonable suspicion," which is a distinctly different term.  
People v. Rush
, 319 Ill. App. 3d 34, 39 (2001).

A hearing on a petition to rescind the statutory summary suspension of driving privileges is a civil proceeding.  The petitioner has the burden of providing a 
prima
 
facie
 case for the rescission.  
People v. Smith
, 172 Ill. 2d 289, 294-95 (1996).  The burden then shifts to the prosecution to present evidence justifying the suspension.  
Smith
, 172 Ill. 2d at 295.  In the fourth amendment context, a defendant may shift the burden to the prosecution by showing that "he was doing nothing unusual to justify the intrusion by the police at the time of the stop."  
People v. Drewes
, 278 Ill. App. 3d 786, 788 (1996).  In weighing the evidence before it, the trial court is charged with passing on the credibility of the witnesses and the weight to be given to their testimony.  Generally, the trial court's decision will not be disturbed unless the decision is against the manifest weight of the evidence.  
Smith
, 172 
Ill. 2d
 at 295.  A finding is against the manifest weight of the evidence where an opposite conclusion is clearly evident from the record.  
People v. Hood
, 265 
Ill. App. 3d
 232, 241 (1994). However, when the trial court's determination is based on the review of written documents, and does not involve a determination of the credibility of witnesses, a reviewing court considers 
de
 
novo
 all the issues that determine whether the defendant has met his burden of proof.  See 
People v. Hockenberry
, 316 Ill. App. 3d 752, 755-56 (2000).

The State contends that, because the trial court assessed Driscoll's credibility before entering  judgment, we should reverse the court's ruling only if it is against the manifest weight of the evidence.  Defendant responds that a 
de
 
novo
 standard of review applies.  We defer to the trial court's findings of fact regarding Driscoll's credibility, and we will reverse those findings only if they are against the manifest weight of the evidence.  See 
Rush
, 319 
Ill. App. 3d
 at 38.  To the extent that the trial court's ruling involves questions of law, we apply a 
de
 
novo
 standard of review.  See 
Rush
, 319 
Ill. App. 3d
 at 38-39 ("we will review 
de
 
novo
 the ultimate questions of whether reasonable suspicion justified the stop and whether probable cause (or 'reasonable grounds') justified the arrest").

Defendant initially contends that section 11--501.5(a) of the Vehicle Code, which authorizes portable breath testing, is unconstitutional because it "allows police to obtain a breath sample without probable cause."  The State argues that (1) the exclusionary rule of the fourth amendment does not apply to statutory summary suspension proceedings because they are civil rather than criminal and (2) defendant waived any fourth amendment claim when she consented to the PBT under the statute.  Defendant responds that the State waived these defenses by failing to raise them in the trial court.  The waiver rule is binding on the parties but not on this court (see 
People v. Hamilton
, 179 Ill. 2d 319, 323 (1997)), and defendant has had the opportunity to answer the State's arguments.  In the interest of justice, we decide the constitutional issue after considering each party's research and argument.

A statute is presumed constitutional.  The party challenging the statute bears the burden of demonstrating its invalidity.  
People v. Malchow
, 193 Ill. 2d 413, 418 (2000).  A court has a duty to construe a statute in a manner that upholds its constitutionality if it can reasonably be done, and any doubt must be resolved in favor of the statute's validity.  
Malchow
, 193 Ill. 2d at 418.  The question of a statute's constitutionality is subject to 
de
 
novo
 review.  
People v. Carney
, 196 Ill. 2d 518, 526 (2001).

In 
People v. Krueger
, 208 Ill. App. 3d 897 (1991), this court reversed the denial of a petition to rescind the statutory summary suspension of the defendant's driver's license.  As in this case, the petition raised the issue of " '[w]hether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination thereof.' "  
Krueger
, 208 Ill. App. 3d at 904, quoting Ill. Rev. Stat. 1989, ch. 95½, par. 2--118.1(b) (now 625 ILCS 5/2--118.1(b) (West 2002)).  After noting that we have a duty to avoid a statutory construction that places the constitutionality of the implied-consent law into question, we held as follows:

"Although the State characterizes the issue in this case as whether to apply the exclusionary rule to a civil summary suspension proceeding, we believe that the real question before us is whether the statute affirmatively authorizes the Secretary of State to suspend a motorist's license on the basis of a search which itself is the product of an unauthorized arrest.  The Secretary's power to impose a summary license suspension is derived from the statute, and we decline to read the statute as, in effect, authorizing unconstitutional arrests or searches and the imposition of new deprivations based on those unconstitutional arrests or searches."  
Krueger
, 208 Ill. App. 3d at 904-05.

This court expressly held that "the arrest required by the implied-consent statute must be a lawful arrest" for a summary suspension to be valid.  
Krueger
, 208 Ill. App. 3d at 907.  Here, the State does not distinguish or even cite 
Krueger
.  Therefore, we continue to follow the rule announced therein, and we reject the State's argument that the fourth amendment does not apply to statutory summary suspension proceedings.  See 
Krueger
, 208 Ill. App. 3d at 907.

We next turn to defendant's argument that the implied-consent law unconstitutionally authorizes a PBT without the existence of probable cause.  Section 11--501.5(a) provides as follows:

"If a law enforcement officer has 
reasonable suspicion
 to believe that a person is violating or has violated Section 11--501 or a similar provision of a local ordinance, the officer, prior to an arrest, 
may
 request the person to provide a sample of his or her breath for a preliminary breath screening test using a portable device approved by the Department of State Police.  
The person may refuse the test.
  The results of this preliminary breath screening test may be used by the law enforcement officer for the purpose of assisting with the determination of whether to require a chemical test as authorized under Sections 11--501.1 and 11--501.2, and the appropriate type of test to request.  Any chemical test authorized under Sections 11--501.1 [concerning statutory summary suspensions and implied-consent] and 11--501.2 [concerning admissibility of chemical test results in DUI prosecutions] may be requested by the officer regardless of the result of the preliminary breath screening test, if probable cause for an arrest exists.  The result of a preliminary breath screening test may be used by the defendant as evidence in any administrative or court proceeding involving a violation of Section 11--501 or 11--501.1."  (Emphasis added.) 625 ILCS 5/11--501.5(a) (West 2002).

Section 11--501.5(a) permits an officer to conduct a PBT only if (1) the officer has reasonable suspicion that the suspect has committed DUI and (2) the suspect consents to the test.  The "reasonable suspicion" standard of section 11--501.5(a) is the same that applies to traffic stops generally.  Because a vehicle stop constitutes a seizure of the vehicle's occupants, such a stop is subject to the fourth amendment's requirement of reasonableness.  
People v. Moore
, 341 
Ill. App. 3d
 804, 807 (2003).  In determining the reasonableness of a traffic stop, courts are guided by the Supreme Court's observation that the usual traffic stop is more analogous to a 
Terry
 investigative stop (see 
Terry v. Ohio
, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)) than to a formal arrest.  
Moore
, 341 
Ill. App. 3d
 at 807-08.  Therefore, as a general rule, a fourth amendment challenge to the reasonableness of a traffic stop is analyzed under 
Terry
 principles.  
Moore
, 341 
Ill. App. 3d
 at 808.  Under 
Terry
, a law enforcement officer may conduct a brief, investigative stop of individuals, absent probable cause to arrest, provided the officer has a reasonable, articulable suspicion of criminal activity.  
Terry
 recognizes that officers can detain individuals to resolve ambiguities in their conduct, and thus accepts the risk that officers may stop innocent people.  
Moore
, 341 
Ill. App. 3d
 at 808.

Generally, neither a warrant nor probable cause is required to validate a search made with consent under the fourth amendment.  
People v. Steinberg
, 260 
Ill. App. 3d
 653, 656 (1994).  Because section 11--501.5(a) authorizes a PBT only if the suspect consents to it, the fourth amendment does not require a warrant or probable cause at the time of the officer's request.  Therefore, a search that complies with section 11--501.5(a) does not violate the fourth amendment's proscription against unreasonable searches and seizures.  However, we note that, if a detention exceeds what 
Terry
 permits as an investigative stop, a subsequent consent to search may be found to be tainted by the illegality.  
Moore
, 341 Ill. App. 3d at 808, citing 
People v. Brownlee
, 186 Ill. 2d 501, 519 (1999).  Defendant does not contend that she involuntarily submitted to any of the roadside sobriety tests or that the detention was unreasonably long or invasive.  Therefore, we reject her constitutional claim.

We next consider 
defendant
's claim that Officer Driscoll lacked reasonable suspicion to request her submission to the PBT.  A police officer may make a valid traffic stop where the officer is able to point to specific and articulable facts which, when taken together with the rational inferences therefrom, reasonably warrant the stop of the defendant's vehicle.  Generally, a traffic violation provides a sufficient basis for a traffic stop.  
Hood
, 265 
Ill. App. 3d
 at 241.  Specifically, where an officer observes the defendant's vehicle traveling in excess of the posted speed limit, the officer has more than reasonable suspicion to believe that the defendant has committed an offense and may stop the defendant's vehicle.  Therefore, the investigatory stop of a vehicle traveling in excess of the posted speed limit is proper.  
Hood
, 265 
Ill. App. 3d
 at 241.  Moreover, the officer's declination to charge the 
defendant
 with the traffic violation that ultimately leads to a DUI arrest is not relevant to whether the officer had reasonable suspicion to stop the 
defendant
.  
Hood
, 265 
Ill. App. 3d
 at 242.

Officer Driscoll testified that he observed 
defendant
 violate three traffic laws before he stopped her vehicle.  Defendant exceeded the speed limit, crossed the lane dividing line twice without signaling, and drove the wrong way on a one-way street.  Defendant told Driscoll that a recent argument with her boyfriend had upset her, but she did not otherwise explain her erratic driving.  
Cf.
 
 Rush
, 319 
Ill. App. 3d
 at 40 (a traffic stop for crossing the lane divider is invalid "only if the officer knows 
additional
 facts that make it reasonably apparent that the crossing is legal" (emphasis in original)).  Driscoll's observations provided the reasonable suspicion necessary to initiate the traffic stop.

When 
defendant
 exited the car, she admitted to drinking that evening at a nearby tavern.  Driscoll detected a strong odor of alcohol on her breath and saw that her eyes were glassy and bloodshot.  Moreover, 
defendant
 failed the horizontal gaze nystagmus test.  Despite this quantum of evidence, 
defendant
 argues that her successful completion of three other roadside sobriety tests should have dispelled Driscoll's suspicion that 
defendant
 had committed DUI.  We disagree.  Driscoll pointed to specific and articulable facts which, when taken together with the rational inferences therefrom, suggested that 
defendant
 had committed DUI.  See 
Hood
, 265 
Ill. App. 3d
 at 241 (defining "reasonable suspicion").  The trial court credited Driscoll when he testified that he believed 
that defendant
's blood-alcohol concentration exceeded the legal limit before he asked her to submit to the PBT.  The trial court was in the better position to assess Driscoll's credibility, and we conclude that the court's factual finding is not against the manifest weight of the evidence.  Thus, the trial court did not err in concluding that Driscoll had reasonable suspicion to request that defendant submit to the PBT.

Defendant next argues that, even if Driscoll had reasonable suspicion to conduct the PBT, the State may not introduce PBT results in summary suspension proceedings.  Section 11--501.5 allows the State to use a PBT, like other field sobriety tests, to establish that probable cause exists to arrest for DUI.  However, the State may not introduce the results of a PBT in its case in chief in a criminal prosecution for DUI.  
People v. Rose
, 268 
Ill. App. 3d
 174, 178-79 (1994).  In 
People v. Davis
, 296 
Ill. App. 3d
 923 (1998), the Appellate Court, Third District, addressed the issue of whether section 11--501.5 permits the State to introduce the results of a PBT at a hearing on a 
defendant
's motion to quash the arrest for DUI and suppress evidence.  In ruling for the State, the 
Davis
 court held as follows:

"[T]he results of a PBT are admissible on the issue of probable cause.  Since the purpose of a PBT is to aid a police officer in determining the existence of probable cause, the results of the PBT must be admissible in a proceeding where that determination is challenged.  Probable cause exists where the facts and circumstances known to the arresting officer are sufficient to warrant a man of reasonable caution to believe an offense was committed.  
People v. Bulman
, 212 Ill. App. 3d 795, 571 N.E. 2d 850 (1991).  Section 11--501.5 allows an officer to consider PBT results as one of those 'facts and circumstances.'  Therefore, when the issue is the correctness of the officer's probable cause determination, he must be allowed to demonstrate the bases for his belief, including PBT results.  To hold otherwise renders the statute ineffectual.  When the language of a statute permits two constructions, one of which would make an enactment absurd and illogical, while the other renders it reasonable and sensible, the construction which leads to an absurd result must be avoided.  
People v. Stanciel
, 153 Ill. 2d 218, 606 N.E. 2d 1201 (1992).
"  
Davis
, 296 
Ill. App. 3d
 at 928-29.

Davis
 involved a motion to quash the arrest and suppress evidence, and this case involves a petition to rescind a statutory summary suspension.  However, we conclude that the distinction does not preclude reliance upon 
Davis
, because in each case, the motorist challenges the arresting officer's probable cause determination.  In agreement with 
Davis
, we hold that section 11--501.5 of the Vehicle Code permitted the State to introduce the results of the PBT to support Officer Driscoll's conclusion that he had probable cause to arrest 
defendant
 for DUI.

Defendant next argues that the State failed to establish a foundation for the results of the PBT and that such a deficiency bars the State from introducing the test results at a hearing on a petition to rescind a summary suspension of driving privileges.  We are unaware of an Illinois case that addresses either issue squarely.  However, in 
People v. Orth
, 124 
Ill. 2d
 326 (1988), our supreme court considered a foundational challenge to a breathalyzer result in the context of a summary suspension hearing.

We note that the Appellate Court, Fifth District, has explained the legal significance of the relative accuracy of PBTs and breathalyzer testing as follows:

"[C]hemical test results are admissible [in the State's case in chief in criminal DUI prosecutions] only if the State can show that the instruments used to conduct these tests complied with all the proper statutory and regulatory standards outlined in section 11--501.2 of the Illinois Vehicle Code [citation].  [Citations.]  PBT instruments (unlike breathalyzers) do not meet these stringent requirements for admissibility and, thus, neither do the results."  
People v. Brooks
, 334 Ill. App. 3d 722, 727 (2002).

Further:

"Breathalyzer machines do not inherently suffer from the same scientific uncertainty that affects PBT machines.  The admissibility of breathalyzer test results is well established, and therefore, to prove intoxication, the prosecution may utilize both the test results and the refusal to take the test."  
Brooks
, 334 Ill. App. 3d at 729.

Brooks
 instructs that PBT instruments are less accurate than breathalyzers and, therefore, the State may not introduce in a criminal DUI prosecution PBT results or the defendant's refusal to submit to a PBT.  
Brooks
, 334 Ill. App. 3d at 729.  However, 
Brooks
 does not address the circumstances under which PBT results may be introduced in summary suspension proceedings.

Although 
Orth
 involved the results of a breathalyzer rather than a PBT, we consider the case to be instructive because, like this case, it addressed a foundational challenge to blood-alcohol chemical testing in the context of a petition to rescind a summary suspension of driving privileges. The court held that "once the motorist has made a 
prima
 
facie
 case that the breath test result [under section 11--501.2(a) of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95 ½, par. 11--501.2(a) (now 625 ILCS 5/11--501.2(a) (West 2002)))] did not disclose a blood-alcohol concentration of 0.10 or more, or that the test result did not accurately reflect his blood-alcohol concentration, the State can only avoid rescission by moving for the admission of the test into evidence and laying the required foundation."  
Orth
, 124 
Ill. 2d
 at 340.  "Where the motorist argues for rescission on the basis that the test results were unreliable, such evidence may consist of any circumstance which tends to cast doubt on the test's accuracy, including, but not limited to, credible testimony by the motorist that he was not in fact under the influence of alcohol."  
Orth
, 124 
Ill. 2d
 at 341.  "Only if the trial judge finds such testimony credible will the burden shift to the State to lay a proper foundation for the admission of the test results."  
Orth
, 124 
Ill. 2d
 at 341.

Here, 
defendant
 did not testify at the rescission hearing and has not set forth any "circumstance which tends to cast doubt on the test's accuracy."  
Orth
, 124 
Ill. 2d
 at 341.  Therefore, 
defendant
 has not established a 
prima
 
facie
 case that the PBT results did not accurately reflect her blood-alcohol concentration.  Because no 
prima
 
facie
 case has been made, the burden did not shift to the State to lay the required foundation for the PBT, and we reject 
defendant
's claim that the admission of the PBT results was reversible error.  See 
Orth
, 124 
Ill. 2d
 at 340.  We reach no decision as to whether the State laid an adequate foundation for the admission of the results.  For this reason and the others already discussed, we conclude that the trial did not err in denying the petition to rescind.

For the preceding reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GILLERAN JOHNSON, J., concur.