# Illinois Official Reports

## Appellate Court

---

**People v. Gutierrez, 2015 IL App (3d) 140194**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ENRIQUE GUTIERREZ, JR., Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0194 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | May 6, 2015<br><br>July 20, 2015<br>July 20, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 13-DT-1749, 13-TR-106788; the Hon. Bennett J. Braun, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen E. Eberhardt, of Tinley Park, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. |
| | Justices Carter and Wright concurred in the judgment and opinion. |

## OPINION

¶ 1   Defendant, Enrique Gutierrez, Jr., was an Aurora police officer involved in a traffic accident while off duty. Aurora police suspected defendant of driving under the influence and instructed a state trooper to administer a preliminary breath test (PBT). Defendant took the PBT, which returned a 0.249 blood alcohol content (BAC). Defendant was arrested for driving under the influence and refused further chemical testing. His driver's license was summarily suspended. Defendant filed a petition to rescind the summary suspension. He also filed a motion *in limine* seeking to preclude introduction of the PBT results at the hearing on his petition to rescind. The court denied both the motion *in limine* and the petition to rescind. Defendant appeals. We affirm.

¶ 2                                                    FACTS

¶ 3   The following facts were gleaned from the report of proceedings of the hearing on defendant's motion *in limine*, the hearing on defendant's motion to rescind his statutory suspension, and the common law record.

¶ 4   Defendant was a police officer with the Aurora police department. On December 24, 2013, defendant was off duty, driving in his personal vehicle, when he rear-ended another vehicle at an intersection within the jurisdiction of the Aurora police department. The other driver called the police. After waiting approximately 1 minute to one hour without police arriving, defendant and the other driver exchanged information, and defendant left the scene of the accident and drove home.

¶ 5   After arriving home, defendant received a phone call from Sergeant Weber of the Aurora police department, requesting that defendant return to the scene of the accident. Defendant drove back to the scene. Illinois State Trooper David DeGraff administered to defendant a PBT. The result of the PBT was a 0.249 BAC. Defendant was arrested for driving under the influence of alcohol (625 ILCS 5/11-501 (West 2012)).

¶ 6   Defendant refused further chemical testing, and his driver's license was suspended. Defendant filed a petition to rescind the suspension. The petition requested a hearing pursuant to section 2-118 of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118 (West 2012)).

¶ 7   Defendant filed a motion *in limine* seeking to exclude the PBT results from being admitted at the hearing on the petition to rescind. The motion alleged that the PBT was administered "for the purposes of an Aurora Police Department administrative employee disciplinary investigation" and was therefore not consensual, as required by section 11-501.5(a) of the Code (PBT statute) (625 ILCS 5/11-501.5(a) (West 2012)). In addition, the motion claimed that the results of the PBT were compelled testimony in violation of the fifth amendment (U.S.

Const., amend. V). Furthermore, the motion argued that the results of the PBT were not reliable.

¶ 8 At a hearing on the motion *in limine*, defendant argued that the PBT was an "administrative blow," and therefore admission of the PBT at trial would violate defendant's fifth amendment right against self-incrimination. Defendant testified that when he arrived on the scene, Sergeant Bodman told him that he was required to take the PBT test as an administrative blow. DeGraff administered the PBT using a device that belonged to the Aurora police department. According to defendant, DeGraff seemed unaware of how to properly operate the device. He twice administered the test unsuccessfully before obtaining a reading on the third try. Defendant testified that he did not consent to taking the PBT but that DeGraff never told him that he was required to take it.

¶ 9 DeGraff testified that he was a friend and neighbor of defendant's. He was called to the scene to help investigate because the Aurora police who responded were concerned that they had a conflict of interest in investigating a fellow Aurora police officer. When defendant arrived back on the scene, DeGraff detected an odor of alcohol on defendant's breath. DeGraff stated that he was "slightly unfamiliar" with the PBT device he used because it was a different model than the device he typically used. Bodman requested that DeGraff administer the PBT as an administrative blow. DeGraff could not remember whether he told defendant that the PBT test was mandatory.

¶ 10 The court denied the motion *in limine*. It found that the PBT was an administrative search, and therefore the results were admissible so long as the PBT was not merely a subterfuge for discovering criminal activity. The court found that the PBT was not a subterfuge.

¶ 11 The cause proceeded to a hearing on defendant's petition to rescind. The issue before the court was whether there were reasonable grounds for officers to believe that defendant was under the influence of alcohol. 625 ILCS 5/2-118.1(b)(2) (West 2012). The court said, "Frankly, without the portable breath test, the Court would not find that there was reasonable grounds for the defendant to be arrested, so really this whole motion hinges on the admissibility of the portable breath test." The court found that the combination of the PBT results, the odor of alcohol emitting from defendant, and the collision established reasonable grounds for officers to arrest defendant. The court denied the petition to rescind.

¶ 12                                                ANALYSIS

¶ 13 On appeal, defendant argues that the court should have granted his motion *in limine* and excluded evidence of the PBT results from the hearing on his petition to rescind. He further argues that, without admission of the PBT results, the court would have granted his petition to rescind. He therefore asks us to reverse the court's decision denying the petition.

¶ 14 A hearing on a petition to rescind a summary suspension of driving privileges is a civil proceeding. *People v. Davis*, 2012 IL App (2d) 110581, ¶ 47. The defendant bears the burden of providing a *prima facie* case for rescission. *People v. Smith*, 172 Ill. 2d 289, 294-95 (1996). If the defendant meets that burden, the burden shifts to the State to provide evidence justifying the suspension. *Id.* at 295.

¶ 15 We agree with the trial court that in the present case the decision on the petition to rescind turned on the admissibility of the PBT results. Therefore, we restrict our analysis to the trial court's decision on defendant's motion *in limine* seeking to preclude the PBT results. A court's

decision on a motion *in limine* is reviewed for an abuse of discretion. *People v. Robinson*, 368 Ill. App. 3d 963, 974 (2006).

¶ 16    Defendant first argues that the PBT results were inadmissible under the fifth amendment's protection against self-incrimination. U.S. Const., amend. V. Defendant cites to *Garrity v. New Jersey*, 385 U.S. 493 (1967), and its progeny for the proposition that the potential employment disciplinary consequences for refusing the PBT compelled him to take the PBT, in violation of the fifth amendment. See, *e.g.*, *People v. Smith*, 399 Ill. App. 3d 534, 541 (2010) (holding that statements made under threat of employment termination could not be used to incriminate defendant at a criminal proceeding).

¶ 17    Defendant's argument fails on two levels. First, the fifth amendment protects against the use of *testimonial* evidence, not physical evidence such as the PBT results. See *Schmerber v. California*, 384 U.S. 757, 764-65 (1966) (fifth amendment did not bar blood-alcohol analysis results, as results were not testimonial). Second, the fifth amendment prevents the introduction of compelled testimony at *criminal* proceedings rather than civil proceedings, such as summary suspension proceedings. U.S. Const., amend. V ("nor shall be compelled in any criminal case to be a witness against himself"); *People v. Hall*, 378 Ill. App. 3d 666, 670 (2007). The fifth amendment and the holding of *Garrity*, 385 U.S. 493, did not preclude the admission of the PBT results.

¶ 18    Defendant next argues that the PBT results should have been excluded because the PBT statute (625 ILCS 5/11-501.5 (West 2012)) requires consent and defendant did not consent to the PBT in the present case. The PBT statute provides that when an investigating officer has reasonable suspicion to believe that a person is driving under the influence, the officer "may request the person to provide a sample of his or her breath" through a PBT. 625 ILCS 5/11-501.5(a) (West 2012). However, "[t]he person may refuse the test." *Id.* Defendant, citing *People v. Rozela*, 345 Ill. App. 3d 217 (2003), argues that the statutory language creates a requirement that the person must affirmatively consent to the PBT.

¶ 19    In *Rozela*, PBT results were introduced at a hearing on the defendant's petition to rescind her summary suspension. The court relied on the PBT results in denying the defendant's petition. *Id.* at 221. On appeal, the defendant argued that the PBT results should have been excluded for three reasons: (1) the PBT statute was unconstitutional because it allowed a PBT to be conducted absent probable cause; (2) the PBT was not supported by reasonable suspicion; and (3) PBT results are generally inadmissible at summary suspension proceedings. This court denied all three of the defendant's arguments and affirmed the trial court's decision to deny the petition to rescind. Although unnecessary to its decision, the *Rozela* court, in its discussion of the PBT statute, stated that the statute requires that the "suspect consent[ ] to the test." *Id.* at 224.

¶ 20    We disagree with defendant that the PBT statute requires affirmative consent. *Rozela*'s statement that the statute requires consent was *dicta* and was reached without an explicit analysis of the statutory language. *Id.* We decline to adopt *Rozela*'s characterization of the PBT statute. The statutory language states that, upon reasonable suspicion, an officer "may request" a suspect to take a PBT, and the suspect "may refuse" that request. 625 ILCS 5/11-501.5 (West 2012). The statutory language does not require the officer to explain the suspect's right to refuse, nor does it require that the suspect "consent" to the PBT. Rather, the "may request" language indicates that the officer cannot command a suspect to take a PBT.

The "may refuse" language evidences that there is no penalty for a suspect refusing to take the test.

¶ 21 If the legislature had intended for the suspect to be informed of his or her right to refuse, such language could have been included in the statute. During debate on the bill that added the "may refuse" language, a senator questioned whether the statute mandated that the officer explain that the suspect was not required to take the test. 91st Ill. Gen. Assem., Senate Proceedings, Feb. 25, 2000, at 62 (statements of Senator Molaro). The bill's sponsor confirmed that the suspect may refuse the test and added that the statute does not require the officer to inform the suspect of his or her ability to refuse. 91st Ill. Gen. Assem., Senate Proceedings, Feb. 25, 2000, at 62 (statements of Senator Parker). The legislature's decision not to add such language evidences its intent that a PBT does not require the informed consent of the suspect.

¶ 22 In the present case, defendant testified that DeGraff did not tell defendant that he was required to take the PBT. DeGraff was not required to inform defendant of his right to refuse. Defendant did not exercise his right to refuse the PBT. The PBT results were acquired in compliance with the dictates of the PBT statute (625 ILCS 5/11-501.5(a) (West 2012)).

¶ 23 We conclude that the trial court did not abuse its discretion in admitting the PBT results. As a result, the court's decision denying defendant's petition to rescind his summary suspension is affirmed.

¶ 24                                    CONCLUSION

¶ 25 The judgment of the circuit court of Will County is affirmed.

¶ 26 Affirmed.