# Illinois Official Reports

## Appellate Court

---

### *People v. Acevedo*, 2017 IL App (3d) 150750

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAMIEN ACEVEDO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0750 |
| Filed | March 1, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-DT-291; the Hon. Raymond A. Nash, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ricardo J. Munoz (argued), of Law Firm of Rick Munoz, of Joliet, for appellant.<br><br>James Glasgow, State's Attorney, of Ottawa (Jasmine Morton (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice Schmidt specially concurred, with opinion. |

**OPINION**

¶ 1    The defendant, Damien Acevedo, appealed the denial of his petition to rescind a statutory summary suspension after being charged with driving under the influence.

¶ 2                                                    FACTS

¶ 3    On March 5, 2015, the defendant was arrested for driving under the influence. On March 16, 2015, the defendant filed a petition to rescind the statutory summary suspension on the basis that the arresting officer did not have reasonable grounds to believe that the defendant was driving under the influence of alcohol.[1] On March 20, 2015, and again on March 31, the trial court ordered the State to turn over the squad car video to the defendant.

¶ 4    Having not received the squad car video, on June 1, 2015, the defendant filed a motion for sanctions due to a discovery violation. At the hearing on the motion, the arresting officer, Carrie Arvidson, testified that the video did exist at one time. After the defendant's arrest, she made a copy of the DVD from the recording system in her squad car and turned it in with her report. However, it was later found that the DVD was cracked and would not play. At that time, Arvidson attempted to recover the video of the traffic stop from her squad car system, but it had been recorded over. The trial court found that a discovery violation had occurred and, as a sanction, imputed that the defendant had sustained his burden of proof and shifted the burden to the State to show cause why the suspension should be sustained. The trial court declined to bar the testimony of Arvidson as a sanction.

¶ 5    Arvidson testified that she was an Illinois state patrol trooper who responded to an automobile crash on the night of March 5, 2015. She approached the defendant's vehicle and noticed a strong odor of alcoholic beverage. She also noted that the defendant had difficulty removing his license from his wallet. Arvidson testified that the defendant told her he had been at a union meeting and that he had a few beers. Arvidson escorted the defendant out of his vehicle, and she noticed that he was stumbling and swaying. Arvidson performed field sobriety tests, which the defendant did not perform successfully. Arvidson then offered the defendant a portable breath test (PBT), which he agreed to. In establishing the foundation for the PBT, Arvidson testified that the machine was turned in to be calibrated by another officer. The trial court found that there was a proper foundation for the PBT and allowed Arvidson to testify that the result of the PBT was 0.183. The defendant testified that he was not under the influence of alcohol, although he had had four to five beers at a union meeting, and that he had suffered head trauma in the accident.

¶ 6    The trial court denied the defendant's petition to rescind. The trial court found that defense counsel's arguments regarding the foundation for the PBT went to the weight of the evidence, and it considered the result, along with the other evidence of intoxication, in concluding that there was probable cause to arrest the defendant. The defendant's motion to reconsider was denied.

---

[1]The defendant also petitioned to rescind the statutory summary suspension on the basis that he was not properly warned in accordance with the Illinois Vehicle Code (625 ILCS 5/1-1-1 *et seq.* (West 2012)), but that ground was withdrawn prior to the hearing.

¶ 8    The defendant argues that the trial court erred by not barring the testimony of the arresting officer as sanctions for a discovery violation. We review a trial court's ruling regarding sanctions for an abuse of discretion. *People v. Schambow*, 305 Ill. App. 3d 763, 766 (1999).

¶ 9    There is no dispute that there was a discovery violation: the State was ordered to turn over a DVD of the defendant's traffic stop, but it did not do so because the DVD was accidently destroyed after the stop. The defendant argues that, as a sanction, the arresting officer should have been barred from testifying to the events that would have been seen on the DVD. The State argues that the trial court properly exercised its discretion in crafting a sanction appropriate to the situation.

¶ 10    A motorist whose driving privileges have been summarily suspended may request a judicial hearing to seek rescission of the suspension. 625 ILCS 5/2-118.1 (West 2012). Relevant to this case, one ground upon which the summary suspension should be rescinded is that the arresting officer did not have reasonable grounds to believe that the motorist was under the influence of alcohol, drugs, or both. 625 ILCS 5/2-118.1(b)(2) (West 2012); *People v. Ehley*, 381 Ill. App. 3d 937, 942 (2008). A hearing on a petition to rescind a statutory summary suspension is a civil proceeding in which the motorist bears the burden of proof of providing a *prima facie* case for rescission. *People v. Gutierrez*, 2015 IL App (3d) 140194, ¶ 14. If the motorist establishes a *prima facie* case, the burden shifts to the State to come forward with evidence justifying the suspension. *People v. Smith*, 172 Ill. 2d 289, 295 (1996).

¶ 11    The defendant cites to *People v. Kladis*, 2011 IL 110920, as support for his argument that the officer's testimony regarding the time captured on the unavailable video should be barred. In *Kladis*, the trial court barred the arresting officer's testimony from five seconds before the stop until the defendant was taken away for the arrest, the timeframe covered by the squad car video that was not preserved. *Id.* ¶ 11. In upholding that sanction, the supreme court found that there was no indication that the trial court abused its discretion. *Id.* ¶ 46. The record indicated that the trial court chose its sanctions from a spectrum of available options and narrowly tailored its sanction. *Id.* ¶ 45. Despite the defendant's argument that *Kladis* stands for the proposition that testimony must be barred whenever there is a discovery violation that results in missing evidence, we conclude that *Kladis* does not dictate such a hard and fast rule. See *People v. Moore*, 2016 IL App (1st) 133814, ¶ 41 (trial court's decision not to bar testimony regarding missing photo arrays as a sanction for the discovery was not an abuse of discretion).

¶ 12    In this case, the trial court considered available options for sanctions and determined that imputing that the defendant had met his burden of proof regarding a *prima facie* case for rescission was the appropriate sanction rather than completely barring the arresting officer's testimony regarding the stop. We conclude that the imposed sanction was not an abuse of discretion.

¶ 13    The defendant also contends that the results of the PBT should not have been admitted because the PBT lacked foundation. The State argues that since the burden shifted to the State because of the discovery violation, the defendant never presented evidence constituting a *prima facie* case casting doubt on the accuracy of the PBT. We review evidentiary rulings for an abuse of discretion. *People v. Taylor*, 2011 IL 110067, ¶ 27.

¶ 14    The defendant acknowledges the hybrid nature of the case because the trial court shifted the burden as a sanction for the discovery violation. However, the defendant contends that the sanction imposed by the trial court brought into question whether the arresting officer had

reasonable grounds to arrest the defendant for driving under the influence, including casting doubt on the PBT as part of the reasonable grounds. Thus, the defendant contends that there was a need for a proper foundation for the PBT under *People v. Orth*, 124 Ill. 2d 326, 331-32 (1988).

¶ 15 Under section 11-501.5 of the Illinois Vehicle Code, a PBT, like other field sobriety tests, is admissible to establish that probable cause existed to arrest the defendant for driving under the influence, even though the PBT is not admissible as evidence of intoxication in a criminal proceeding. 625 ILCS 5/11-501.5 (West 2012); *People v. Rozela*, 345 Ill. App. 3d 217, 226 (2003); *People v. Rose*, 268 Ill. App. 3d 174, 178-79 (1994). *Orth* involved a Breathalyzer, which is more accurate than a PBT. *Orth*, 124 Ill. 2d at 338. The Second District in *Rozela*, however, suggested that the State would have to provide the same foundation as a Breathalyzer for the admission of the PBT into evidence under *Orth* if the defendant presented a *prima facie* case that the result did not show legal intoxication or accurately reflect the defendant's blood alcohol content. *Rozela*, 345 Ill. App. 3d at 228.

¶ 16 As a result of the discovery sanction, the burden of proof shifted to the State to show probable cause for the stop. In order to lay a proper foundation for the admission of the results of the PBT, the witness must testify that the PBT machine is one approved for use by police officers, and that the device was checked for accuracy every 93 days by a person specially trained to perform such tasks. 20 Ill. Adm. Code 1286.240 (2015); 20 Ill. Adm. Code 1286.250 (2011). In addition, the witness must testify that the test was administered according to an operational procedure programmed into the instrument and that the test consisted of only one breath analysis reading, based on the instrument's internal operational calculations. 20 Ill. Adm. Code 1286.260 (2007). The trooper's testimony regarding the approval of the machine in question, as well as her administration of the test, failed to meet the foundational requirements for admissibility of the PBT and should have been excluded by the trial court.

¶ 17 However, we still affirm the denial of the defendant's petition to rescind. The defendant sought rescission on the grounds that the officer did not have reasonable grounds to believe that the defendant was driving under the influence. In summary suspension proceedings, "reasonable grounds" is synonymous with "probable cause," requiring a determination whether a reasonable person, armed with the objective knowledge possessed by the officer at the time of the arrest, would believe that the defendant committed the offense. *People v. Fonner*, 385 Ill. App. 3d 531, 540 (2008). The officer testified that the defendant had been involved in an automobile accident. Upon approaching the defendant in his vehicle, the officer detected an odor of alcoholic beverage, and the defendant acknowledged drinking a few beers. The officer testified that the defendant was stumbling and swaying upon exiting his vehicle, and he did not successfully perform the field sobriety tests. Thus, even without considering the results of the PBT, we find that there was sufficient testimony from the arresting officer regarding the accident and the defendant's actions to establish reasonable grounds to believe that the defendant was driving under the influence of alcohol.

¶ 18                                                                CONCLUSION

¶ 19 The judgment of the circuit court of Will County is affirmed.

¶ 20 Affirmed.

¶ 21        JUSTICE SCHMIDT, specially concurring.

¶ 22        I concur in the judgment. I do not join in the *dicta* at paragraphs 13 through 16. Since we affirm without consideration of the PBT, there is no need to go there. Also, the majority does not set out exactly what foundation was laid or what exactly it lacked. This discussion is of little value to attorneys, judges, or police officers.

¶ 23        While I believe the State laid a sufficient foundation for the PBT, for the reasons set forth above, I see no reason to waste any paper discussing it.