# Illinois Official Reports

## Appellate Court

---

### *People v. Horine*, 2017 IL App (4th) 170128

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALEX HORINE, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-17-0128 |
| Filed | December 8, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 16-DT-727; the Hon. Scott Drazewski and the Hon. Lee Ann S. Hill, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Rosario David Escalera, Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Michael J. Zopf, of Champaign, for appellee. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Harris and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1     In October 2016, defendant, Alex Horine, was arrested for driving under the influence (625 ILCS 5/11-501(a)(2) (West 2016)). The arresting officer reported defendant refused to submit to or failed to complete testing and, as a result, his driving privileges would be suspended for a minimum of 12 months pursuant to the statutory summary suspension statute (625 ILCS 5/11-501.1 (West 2016)). In November 2016, defendant filed a petition to rescind the statutory summary suspension. In December 2016, the trial court granted his petition. Following the hearing, the State filed a petition to reconsider, arguing the court improperly sustained defendant's hearsay objection during the hearing on the petition. In January 2017, the court denied the State's motion. On appeal, the State continues to argue the trial court abused its discretion when it sustained defendant's hearsay objection because the statement was offered to prove the officer's investigatory steps and, therefore, not hearsay. We affirm.

¶ 2                             I. BACKGROUND

¶ 3     On October 23, 2016, defendant received a traffic citation from the City of Bloomington for driving under the influence (625 ILCS 5/11-501(a)(2) (West 2016)). A law enforcement sworn report (report) completed by Officer Brandon Finke the same day indicated at 9:48 p.m. defendant refused to submit to or failed to complete testing at OSF St. Joseph Medical Center and his driving privileges would be suspended for a minimum of 12 months (625 ILCS 5/11-501.1 (West 2016)). The report also stated Officer Finke had reasonable grounds to believe defendant was driving under the influence and stated: "[Defendant] was involved in a single car collision. [Defendant] had an extreme odor of an alcoholic beverage on his breath. [Defendant's] eyes were bloodshot and his clothes were disorderly. [Defendant's] pupils were dilated, face was flushed, and displayed poor coordination when walking."

¶ 4     On November 4, 2016, the Illinois Secretary of State filed a confirmation of statutory suspension with the circuit clerk. The confirmation stated that, because defendant was not a first-time offender, his license would be suspended for three years as of December 8, 2016, and he would be eligible for provisional reinstatement on December 8, 2019.

¶ 5     On November 29, 2016, defendant filed a petition to rescind his statutory summary suspension, arguing five different grounds. Defendant argued (1) he was not properly placed under arrest for an offense as defined in the Illinois Vehicle Code or a similar provision of a local ordinance, as evidenced by the issuance of a uniform traffic ticket to another form of charge, (2) the arresting officer did not have reasonable grounds to believe he was driving or in actual physical control of a motor vehicle while under the influence of alcohol and/or other drugs, or a combination thereof, (3) he was not properly warned by the arresting officer of the statutory summary suspension pursuant to section 11-501.1(c) of the Illinois Vehicle Code (625 ILCS 5/11-501.1(c) (West 2016)), (4) he did not refuse to submit to and/or complete the required chemical test or tests upon the request of the arresting officer pursuant to section 11-501.1(d) of the Illinois Vehicle Code (625 ILCS 5/11-501.1(d) (West 2016)), and (5) he submitted to the requested test or tests but the test sample of his blood alcohol concentration did not indicate a blood alcohol concentration of 0.08 or more.

¶ 6     On December 22, 2016, the trial court held a hearing on defendant's petition. Defendant called Officer Jeremy Cunningham to testify, who testified to the following. On October 23, 2016, Officer Cunningham worked for the City of Bloomington police department and was

dispatched to a local bar, the Windjammer Lounge (Windjammer). When he arrived at Windjammer, he saw defendant sitting outside on the sidewalk and the bouncer standing over him. Officer Cunningham placed defendant under arrest to detain him in his squad car until he could complete his investigation.

¶ 7 On cross-examination, the State asked Officer Cunningham if he talked to anyone else at the scene. Officer Cunningham stated he spoke with a witness, Kaylie Bakalar, who was in the vehicle at the time defendant was allegedly driving. The following questioning occurred:

"Q. And what did Kaylie tell you?

MR. DAVIS [(Defense attorney)]: I'm going to object, Your Honor. This is the clear definition of hearsay.

MS. LIN [(Prosecutor)]: Your Honor, it's not for the truth of the matter asserted. The question is based on—the question here today is whether or not the officer had reasonable grounds. Whatever came from the interview goes to his knowledge at the time.

THE COURT: If he made in arrest based on allegedly what she has told him, how is that not hearsay? Because that would be—he's saying that that's the truth so that's why I arrested someone. The objection is sustained."

The State proceeded to ask Officer Cunningham about a surveillance video from Windjammer, and defendant objected to its foundation. The trial court agreed with defendant and found the State did not lay a proper foundation and it did not present any evidence of chain of custody. Defendant requested the court to grant his petition because the State did not provide a witness that saw him drive. The State presented no argument. The court granted defendant's petition.

¶ 8 On December 29, 2016, the State filed a motion to reconsider. The State argued the trial court erred when it sustained defendant's hearsay objection because (1) the out-of-court statement was offered to explain the investigatory procedure followed in the case and was proper to show the police officer had probable cause and (2) the statements Kaylie made to Officer Cunningham were offered to show its effect on Officer Cunningham and to show why Officer Cunningham was reasonable in believing the defendant was the driver of the vehicle.

¶ 9 On January 30, 2017, the trial court held a hearing on the State's motion to reconsider. The State presented its arguments contained in its motion and the following conversation occurred:

"THE COURT: Let me ask you this. If it is not for the truth of the matter asserted, why could you not have just asked the officer did you interview witnesses; yes. Based on your interview of the witnesses and your state of mind at the time, did you feel you had probable cause to arrest? Because if you don't want me to believe that this is for the truth of the matter asserted, why does it matter what she said? If it's only for the officer's state of mind, then why can't the fact that he interviewed witnesses and based on that interview he arrested [defendant] be enough? Because you want me to believe what she said to him.

MS. LIN: The question is whether or not, is it reasonable for the officer to believe what was said to him. So what she said and the circumstances surrounding what she said is relevant to whether or not it is reasonable for him to believe.

THE COURT: Then why do you need her statement?

MS. LIN: To show the totality of the investigation and how reasonable it is.

THE COURT: No, you want me to believe what she said to the officer. You're asking me to say that what she said to the officer was truthful and reasonable and that gave him probable cause to arrest. But otherwise why isn't just saying you interviewed the witnesses. Based on those interviews of the witnesses you believe you had enough evidence to arrest [defendant] for driving under the influence.

* * *

MS. LIN: Whether or not he drove is not—I'm not using that statement to prove that he drove. I'm using that statement to show that the officer was reasonable in believing that he drove. So the statements itself [*sic*] is relevant to show that the officer was reasonable in believing those circumstances.

THE COURT: I'm sorry, Ms. Lin. I don't buy that as a reasonable argument and your motion to reconsider is denied."

¶ 10     This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12     On appeal, the State argues the trial court abused its discretion when it sustained defendant's hearsay objection because Kaylie's out-of-court statement was admissible to show its effect on Officer Cunningham's state of mind and to explain his investigatory actions. Defendant argues the trial court did not abuse its discretion when it sustained his hearsay objection because the out-of-court statement was offered for the truth of the matter asserted.

¶ 13     We note if defendant made his hearsay objection *during his trial* on the driving under the influence charge, he would be correct because the elicited testimony constituted inadmissible hearsay. A police officer may testify as to the steps taken in the investigation of a crime when the testimony is necessary and important to fully explain the State's case to the trier of fact—such testimony cannot include the *substance* of a conversation with a nontestifying witness. *People v. Boling*, 2014 IL App (4th) 120634, ¶ 107, 8 N.E.3d 65; see also *People v. Cameron*, 189 Ill. App. 3d 998, 1004, 546 N.E.2d 259, 263 (1989). However, defendant's hearsay objection was not made at defendant's trial—but at the hearing on his petition to rescind his statutory summary suspension. The setting of Officer Cunningham's testimony is important.

¶ 14     When a defendant asserts the arresting officer did not have reasonable grounds to believe he was driving under the influence as one of the bases for his petition to rescind (625 ILCS 5/2-118.1(b)(2) (West 2016)), the hearing on the petition is analogous to a hearing on a motion to suppress evidence in a criminal case. See *People v. Wear*, 229 Ill. 2d 545, 560, 893 N.E.2d 631, 640 (2008) ("In determining whether there has been 'reasonable grounds' under subsection (b)(2) of the statute, this court has utilized the probable cause analysis deriving from the fourth amendment."). In the context of statutory summary suspension and probable cause, the Illinois Supreme Court noted, in relevant part, the following:

"Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime. [Citation.] That is, the existence of probable cause

- 4 -

depends upon the totality of the circumstances at the time of the arrest. [Citations.] ' "In dealing with probable cause, *** we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." ' [Citations.]" *Wear*, 229 Ill. 2d at 563-64, 893 N.E.2d at 642-43.

¶ 15    Hearsay evidence is admissible during a hearing on a defendant's petition to rescind statutory summary suspension (or motion to suppress), though hearsay is not admissible at trial. *People v. Patterson*, 192 Ill. 2d 93, 111-12, 735 N.E.2d 616, 628 (2000). This distinction is important. The hearing on a petition to rescind focuses on the issue of whether the arresting officer had reasonable grounds to believe the defendant was driving under the influence. In contrast, a defendant's trial on a driving under the influence charge focuses on whether the defendant was, in fact, driving under the influence. Therefore, at the hearing on the defendant's petition to rescind, the testimony sought from the arresting officer, even if it includes hearsay, is permissible as it explains the information the officer possessed at the time and what he reasonably believed based upon that information. This information is essential in determining whether the officer had reasonable grounds to arrest the defendant, and the trial court could not make a sufficient ruling without it.

¶ 16    The trial court erred when it sustained defendant's hearsay objection. The testimony the State attempted to elicit from Officer Cunningham attempted to explain what he learned during his investigation and why he believed he had probable cause to arrest defendant for driving under the influence. When a defendant challenges whether the arresting officer had reasonable grounds in his petition to rescind statutory summary suspension, the officer's testimony, even if it includes hearsay, is permissible as it provides the court with the necessary information to rule on the petition. Although such testimony may constitute impermissible hearsay at trial, such testimony is permissible in this setting. *Patterson*, 192 Ill. 2d at 111-12, 735 N.E.2d at 628.

¶ 17    We find the trial court erred when it sustained defendant's hearsay objection, but we affirm its ruling because the State forfeited this argument. It did not make this argument to the trial court or to this court on appeal.

¶ 18    We affirm in this case because of forfeiture and to clarify what evidence may be presented by the State when the defendant asserts the arresting officer did not have reasonable grounds or probable cause to believe he was driving under the influence in this context. In this setting and circumstances, the State can present testimony to the trial court demonstrating what information the officer possessed and what he reasonably believed based upon that information before he took action. The officer's testimony is not subject to hearsay objections.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the trial court's judgment.

¶ 21    Affirmed.