**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240363-U

Order filed February 3, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0363 Circuit No. 24-DT-10 |
| THOMAS B. GAMINO, | ) ) ) | Honorable Marzell L. Richardson Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Brennan and Justice Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court erred in granting the defendant's petition to rescind statutory summary suspension where the officer had reasonable grounds to believe the defendant was driving while under the influence of alcohol.

¶ 2    The State appeals the order of the Will County circuit court that granted the petition of the defendant, Thomas B. Gamino, to rescind the statutory summary suspension of his driver's license. The State argues that the court erred in finding that there were no reasonable grounds for the officer to believe that the defendant was driving while under the influence of alcohol.

¶ 3                                                      I. BACKGROUND

¶ 4        On December 31, 2023, the defendant was charged with two counts of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (2) (West 2022)), driving too fast for conditions or failure to reduce speed to avoid an accident (*id.* § 11-601(a)), and passing in a no-passing zone (*id.* § 11-707(b)). The defendant was served with a statutory summary suspension of his driver's license for refusing or failing to submit to chemical testing. He filed a petition to rescind the statutory suspension, arguing that the officer did not have reasonable grounds to believe the defendant was driving under the influence.

¶ 5        On February 6, 2024, the court held a hearing on the defendant's petition. Deputy Nicholas Vandal testified he was employed by the Will County Sheriff's Department. On December 31, 2023, at approximately 12:44 a.m., Vandal was dispatched to an accident. He observed a damaged motorcycle on the ground along with debris and the defendant underneath the motorcycle. As Vandal approached, he saw a pool of blood at least 10-feet long and the defendant had skin hanging off his head. Vandal helped medical personnel remove the defendant from under the motorcycle. Vandal spoke with the defendant while the defendant was in the ambulance, and the defendant stated he was coming from a bar. Vandal smelled the heavy odor of an alcoholic beverage emanating from the defendant's person. The defendant was taken to the hospital, and Vandal waited in the emergency room as the defendant was being treated.

¶ 6        Deputy Michael Cosentino testified he was employed by the Will County Sheriff's Department in the traffic division. He went to the hospital to meet with the defendant. Cosentino spoke with a nurse who stated the defendant's blood alcohol content (BAC) was 0.289. Once Cosentino saw the defendant, he read him the warning to motorists, and the defendant refused testing. Cosentino did not take the defendant into custody as the defendant remained in the hospital

for treatment. Following this testimony, the State moved for a directed verdict. The court found that it did not have a foundation for the BAC result and denied the State's motion.

¶ 7    On February 8, 2024, the matter reconvened. Vandal testified he briefed Cosentino as to his observations and what he learned at the scene. Cosentino testified he had reviewed the medical records since the last hearing and was now able to recall that he spoke to nurse Adele Roacha regarding the defendant's BAC. Cosentino believed Roacha's reporting of the defendant's BAC because she was looking at her computer when she read the result, and he had no reason to believe the information was false. Cosentino also believed the defendant was driving under the influence because he exited a two-lane roadway and hit a pole. The defendant testified he consumed alcohol at two different locations before the accident but could not recall how much—whether it was 1 or 20 beers. The defendant did not believe his alcohol consumption contributed to the accident, but rather, the accident was caused by black ice.

¶ 8    On February 23, 2024, the court granted the defendant's petition to rescind statutory summary suspension, finding there were no reasonable grounds for Cosentino to believe the defendant was driving under the influence. The court found the State failed to meet its burden of proof for the BAC result as it neither met foundational requirements (*id.* § 11-501.2) nor the business records exception to the hearsay rule (Ill. R. Evid. 803(6) (eff. Mar. 24, 2022)). The State filed a motion to reconsider, arguing the BAC result was not substantive evidence and was only used to demonstrate that Cosentino had reasonable grounds. In the meantime, as to the defendant's DUI charge, the court denied the defendant's motion to suppress evidence on the basis that it was reasonable for Cosentino to rely on the information provided by medical personnel who he recalled by name. Thereafter, the court denied the State's motion to reconsider the recission of the defendant's statutory summary suspension. The State appeals.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, the State argues that the court erred in rescinding the defendant's statutory summary suspension because Cosentino had reasonable grounds to believe the defendant was driving under the influence. The defendant did not file an appellee's brief in this matter. However, we will proceed with this appeal as the record is simple and the issue can be easily decided without the aid of an appellee's brief. See *People v. Kavanaugh*, 2016 IL App (3d) 150806, ¶ 24.

¶ 11        A defendant who receives notice of a summary suspension of his driver's license may request a hearing to rescind the statutory summary suspension. 625 ILCS 5/2-118.1(b) (West 2022). One of the grounds that may be argued is "[w]hether the officer had reasonable grounds to believe that the person was driving *** while under the influence." *Id.* § 2-118.1(b)(2). The circuit court may utilize a probable cause analysis in these instances. *People v. Acevedo*, 2017 IL App (3d) 150750, ¶ 17 (explaining that "reasonable grounds" to believe a driver is under the influence for purposes of a statutory suspension proceeding is synonymous with "probable cause"). To determine whether probable cause existed, "the trial court must determine whether a reasonable and prudent person, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense." *People v. Fortney*, 297 Ill. App. 3d 79, 87 (1998). This standard requires the officer to have more than a mere suspicion but not evidence sufficient to convict. *People v. Fonner*, 385 Ill. App. 3d 531, 540 (2008). This determination is a practical, common sense decision that requires consideration of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

¶ 12        "A statutory summary suspension hearing is a civil action where the defendant motorist, as the petitioner, requests the judicial rescission of a suspension, and the State is placed in the position of a civil defendant." (Internal quotation marks omitted.) *People v. Araiza*, 2020 IL App (3d)

4

170735, ¶ 15. Thus, the defendant has the burden of establishing a *prima facie* case for recission. *Fonner*, 385 Ill. App. 3d at 539. If a *prima facie* case is established, the burden shifts to the State to present evidence justifying the suspension. *People v. Helt*, 384 Ill. App. 3d 285, 287 (2008). A reviewing court gives deference to the circuit court's factual findings and will only reverse if they are against the manifest weight of the evidence. *People v. Wear*, 229 Ill. 2d 545, 561 (2008), *abrogated on other grounds by Lange v. California*, 594 U.S. 295 (2021). A finding is against the manifest weight of the evidence where the opposite conclusion is clearly apparent, or its finding is unreasonable, arbitrary, or not based on the evidence. *People v. Sanchez*, 2021 IL App (3d) 170410, ¶ 25. However, a court of review "remains free to undertake its own assessment of the facts in relation to the issues and may draw its own conclusions." *Wear*, 229 Ill. 2d at 562. The ultimate legal ruling as to whether a petition to rescind should be granted is reviewed *de novo. Id.*

¶ 13        Here, the evidence established that (1) the defendant was in a single vehicle accident where he left the roadway and struck a pole, (2) the defendant smelled of an alcoholic beverage, (3) the defendant stated he was coming from a bar, and (4) Roacha told Cosentino the defendant's BAC was 0.289. Taking a commonsense approach, the totality of the circumstances provided Cosentino had more than a mere suspicion that the defendant committed a DUI. Therefore, the court's determination was against the manifest weight of the evidence, and the court erred as a matter of law in granting the recission petition.

¶ 14        We note the court erroneously rejected the information Cosentino testified to regarding the defendant's BAC on the basis that it did not have a proper foundation and was inadmissible hearsay. Here, the defendant's driver's license was suspended because he refused to submit to testing. This is unlike a suspension for submitting to testing, which reveals a BAC of 0.08 or more, and the State seeks to admit the defendant's BAC as substantive evidence to support the grounds

5

for suspension, *i.e.*, that the defendant's BAC was actually above the legal limit. See *People v. Massie*, 305 Ill. App. 3d 550, 563 (1999). Thus, here, the defendant's BAC may be considered to determine whether Cosentino had reasonable grounds to believe the defendant committed a DUI. See *People v. Quigley*, 2018 IL App (1st) 172560, ¶ 30 (concluding, since the officer properly relied upon the defendant's BAC in believing the defendant committed a DUI, the information was essential to the circuit court's determination as to whether the officer had reasonable grounds). This approach follows logic:

> "[B]y permitting and, in fact, requiring the release of the [BAC] test results to law enforcement when there has been a motor vehicle collision, it is reasonable to conclude that the legislature, in enacting section 11-501.4-1 [of the Illinois Vehicle Code (625 ILCS 5/11-501-4.1 (West 2016))], intended that [BAC] test results would be used by law enforcement to determine reasonable grounds to believe a defendant has been driving impaired for purposes of a statutory summary suspension." *Id.* ¶ 32.

¶ 15    We emphasize that (1) the State was not required to lay such a foundation as long as the BAC result was not being admitted as substantive evidence to prove the defendant's actual BAC and (2) the BAC result is admissible hearsay under these circumstances. See *People v. Horine*, 2017 IL App (4th) 170128, ¶ 18 (clarifying that hearsay testimony is allowed in statutory summary suspension proceedings to demonstrate "what information the officer possessed and what he reasonably believed based upon that information before he took action").

¶ 16                                    III. CONCLUSION

¶ 17    The judgment of the circuit court of Will County is reversed.

¶ 18    Reversed.